UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL D. GREEN, | ) | |
| | ) | Case Nos. 1:21-cv-2, 1:94-cr-19 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Michael D. Green's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:21-cv-2; Doc. 160 in Case No. 1:94-cr-19). Petitioner and the Government agree that Petitioner is eligible for relief as to his conviction and sentence under 18 U.S.C. § 924(c), Count Two of the second superseding indictment, in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See* Doc. 1, at 1, in Case No. 1:21-cv-2; Doc. 3, at 1, in Case No. 1:21-cv-2.) For the following reasons, Petitioner's motion will be **GRANTED**.

I. BACKGROUND

In 1994, a jury found Petitioner guilty of conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 (Count One), carrying a firearm in relation to a crime of violence—Count One—in violation of 18 U.S.C. § 924(c) (Count Two), carjacking, in violation of 18 U.S.C. § 2119 (Count 3), carrying a firearm in relation to a crime of violence—Count 3—in violation of 18 U.S.C. § 924(c) (Count Four), attempted carjacking, in violation of 18 U.S.C. § 2119 (Count Five), and carrying a firearm in relation to a crime of violence—Count 5—in violation of 18

U.S.C. § 924(c). (PSR, at 1; Doc. 67, at 1 in Case No. 1:94-cr-19). United States District Judge R. Allan Edgar sentenced Defendant to a total of life plus twenty-five years of incarceration, consisting of sixty months on Count One, 180 months on Count Three to run concurrently with Count One, life imprisonment on Count Five to run concurrently with Counts One and Three, sixty months on Count Two to run consecutively to Counts One, Three, and Five, sixty months on Count Four to run concurrently with Count Two but consecutively to Counts One, Three, and Five, and 240 months on Count Six, to run consecutively to Counts One, Three, Five, Two, and Four. (Doc. 67, at 2, in Case No. 1:94-cr-19.) Petitioner uses the following table, which is both accurate and helpful, to represent the sentence breakdown:

| Count | Conviction | Sentence (concurrent counts) | Followed by (concurrent to each other) | Followed by |
|---|---|---|---|---|
| 1 | Consp. to Commit Carjacking | 60 mo. | | |
| 2 | 924(c) – connected to Ct. 1 | | 60 mo. | |
| 3 | Carjacking, aid and abet | 180 mo | | |
| 4 | 924(c) – connected to Ct. 3 | | 60 mo. | |
| 5 | Carjacking, attempted | Life mo. | | |
| 6 | 924(c) – connected to Ct. 5 | | | 240 mo. |
| **TOTAL:** | | Life | Plus 60 (5 yrs) | Plus 240 (20 yrs) |

(Doc. 12, at 3 in Case No. 1:21-cv-2.)

Petitioner appealed, the United States Court of Appeals for the Sixth Circuit affirmed his convictions, and the United States Supreme Court denied *certiorari*. *United States v. Green*, 62 F.3d 1418, 1995 WL 451782 (6th Cir. 1995) (table), *cert denied*, 516 U.S. 1000 (1995). Petitioner filed the instant motion under 28 U.S.C. § 2255—his second—on June 23, 2020.

2
Case 1:21-cv-00002-TRM-CHS  Document 13  Filed 04/27/21  Page 2 of 5  PageID #: 135

(Doc. 156 in Case No. 1:94-cr-19.) This Court transferred it to the Sixth Circuit (Doc. 157), and the Sixth Circuit authorized a second or successive petition on December 28, 2020 (Doc. 159). On January 4, 2021, Petitioner re-filed his second or successive petition (Doc. 1 in Case No. 1:21-cv-2; Doc. 160 in Case No. 1:94-cr-19), the Government responded on February 1, 2021 (Doc. 3 in Case No. 1:21-cv-2), and Petitioner replied on April 19, 2021 (Doc. 12 in Case No. 1:21-cv-2). The parties agree that the petition is timely and that Count Two must be vacated but disagree as to how the Court should proceed given that the petition is meritorious.

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

18 U.S.C. § 924(c) criminalizes the use or carrying of a firearm "during and in relation to" a federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). The Supreme Court held in *Davis*

3

that § 924(c)(3)(B)—known as the residual clause—is unconstitutionally vague, meaning that § 924(c) convictions can be predicated only on crimes that have as an element the use, attempted use, or threatened use of physical force against the person or property of another. 139 S. Ct. at 2336. Although carjacking itself is a crime of violence under § 924(c)(3)(A)—the force, or elements, clause—Petitioner and the Government agree that *conspiracy* to commit carjacking is not. *See United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019) ("[C]arjacking constitutes a crime of violence under § 924(c)'s elements clause."); *cf. Alvarez v. United States*, No. 20-3597, 2020 WL 7232200, at *2 (6th Cir. Nov. 23, 2020) (holding that *Davis* challenge to carjacking predicate conviction was improper but implying that it would be proper had the predicate conviction been for conspiracy to commit carjacking, as the petitioner argued it was). Under *Davis*, Petitioner's conviction conspiracy to commit carjacking in Count One cannot be a predicate for his § 924(c) conviction in Count Two.

Accordingly, Petitioner is eligible for relief under § 2255 because his conviction on Count Two depended on the unconstitutionally vague residual clause in § 924(c)(3)(B) and was, therefore, "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The Court must therefore "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Petitioner's conviction and sentence on Count Two therefore must be vacated.

While § 2255(b) "gives district judges wide berth in choosing the proper scope of post-2255 proceedings," *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013) (internal quotation marks and citation omitted), courts "routinely vacate the defendant's entire sentence on all counts" after a "§ 924(c) conviction is invalidated" so that "the district court may increase the

sentences for any remaining counts if such an increase is warranted," *Davis*, 139 S. Ct. at 2336 (cleaned up). This Court will follow the norm and hold a resentencing hearing.

IV. **CONCLUSION**

For the reasons set forth above, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Doc. 1 in Case No. 1:21-cv-2; Doc. 160 in Case No. 1:94-cr-19) is **GRANTED**. Petitioner's conviction and sentence for violating 28 U.S.C. § 924(c), Count Two of the superseding indictment, are **VACATED**. A resentencing hearing is set for **June 25, 2021, at 9:00 a.m.**, during which Petitioner will be resentenced on the remaining counts of the second superseding indictment. The Court hereby **ORDERS** that the United States Marshal, or his authorized deputy, transport Petitioner from his place of incarceration to Chattanooga, Tennessee, allowing sufficient time for Petitioner to be available to meet with his attorney before the hearing. The United States Probation Office is **DIRECTED** to prepare a revised presentence report that includes the now-applicable guideline range.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**